STATE OF CONNECTICUT *v.* WILLIAM RADO, SR.
(6509)

BORDEN, SPALLONE and DALY, Js.

Submitted on briefs January 17—decision released February 21, 1989

*Timothy C. Moynahan, John M. Loconsolo, Jr.,* and *Theresa M. Dalton,* filed a brief for the appellant (defendant).

*Mary H. Lesser,* deputy assistant state's attorney, and *John Dropick,* assistant state's attorney, filed a brief for the appellee (state).

PER CURIAM. The defendant, the former mayor of Naugatuck, appeals from the judgment of conviction, following the denial of his motions to dismiss, rendered upon his conditional pleas of nolo contendere to the following crimes: bribe receiving in violation of General Statutes § 53a-148; first degree larceny in violation of General Statutes §§ 53a-122 (a) (4) and 53a-119 (6) (1); soliciting an illegal campaign contribution in violation of General Statutes (Rev. to 1985) §§ 9-348k (5) and 9-348k (10); and receiving an illegal campaign contribution in violation of General Statutes (Rev. to 1985) § 9-348k (9). The defendant challenges the constitutionality of General Statutes (Rev. to 1985) § 54-47, which authorized a Superior Court judge to act as a grand juror. The defendant claims that the appointment of a member of the judiciary as a grand juror violated the separation of powers doctrine and deprived him of his right to a fair trial.

This court rejected identical claims raised by this same defendant in *State* v. *Rado,* 14 Conn. App. 322, 541 A.2d 124, cert. denied, 208 Conn. 813, 546 A.2d 282, cert. denied,      U.S.     , 109 S. Ct. 311, 102 L. Ed. 2d 330 (1988). In that case, this court held that because the existence of an investigation by the grand jury is not generally violative of individual rights,

and because the defendant did not establish that the investigation violated any of his personal rights, he lacked standing to challenge General Statutes (Rev. to 1985) § 54-47, authorizing such investigations. Furthermore, this court added that even if he had standing the defendant failed to prove beyond a reasonable doubt that because General Statutes (Rev. to 1985) § 54-47 authorized a judge to perform the functions of a grand juror it was unconstitutional. That decision is dispositive of this appeal.

There is no error.